PER CURIAM.
The issue in this appeal is whether or not an employer and its insurer, which paid 197 weeks of worker’s compensation benefits before a judgment was rendered, are entitled to a credit for the benefits paid.
*874 On April 30, 1982, Paul Hurley was injured in the course and scope of his employment with Graver Energy Systems, Inc. Graver and its insurer, Employers National Insurance Company, paid Hurley temporary total disability benefits for 35 weeks at $183.00 per week. They also paid an additional 162 weeks of benefits at $110.00 per week for specific member disability of 30% to Hurley’s arm. The last payment was made February 21, 1986.
Hurley filed suit and sought the maximum amount of benefits due him under the Worker’s Compensation Law. Graver and Employers National did not dispute that Hurley had been injured, but questioned the extent of Hurley’s injury. In October of 1986, the trial judge signed a judgment awarding Hurley partial disability benefits. The judgment states as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Paul Hurley and against Graver Energy Systems, Inc. and Employers National Insurance Company ... for partial disability benefits under the provisions of R.S. 23:1221(3) commencing on February 22, 1986, at the rate of 66⅜ percent of the difference between his average weekly wage of $552.04 and any lesser wages which Paul Hurley actually earns in any week thereafter during his period of disability, but not beyond a maximum of a total of 450 weeks paid and subject to a maximum weekly benefit of $183.00_ (Emphasis added)
Graver and Employers National claim they are entitled to a credit for the 197 weeks of benefits previously paid.
Under Louisiana Revised Statutes Title 23, Section 1221, Subdivision (3) as it read in 1982 when the accident occurred, Hurley is entitled to a maximum of 450 weeks of compensation for partial disability. The statute provides that the employer is entitled to a reduction of a full week of compensation against the maximum number of weeks for which compensation is payable under Subdivision (3). In no event shall the total number of weeks of compensation for partial disability be increased beyond the maximum number of 450 weeks. La.R. S. 23:1221(3). Therefore, the statute indicates Hurley is not entitled to more than a maximum of 450 weeks of compensation.
In Jacks v. Banister Pipelines America, 418 So.2d 524 (La.1982) the court gave the employer credit for weeks of compensation paid for specific loss, and thereby reduced the amount of weekly benefits due under the partial disability provision.
In Lemoine v. Brice Bldg, Co., Inc., 465 So.2d 57 (La.App. 4th Cir.1985), writ denied, 468 So.2d 1212 (La.1985), an employer who had paid compensation under the total temporary disability provision was entitled to credit for the number of weeks of compensation paid. Compensation was ultimately allowed for permanent partial disability rather than for specific loss.
Because Hurley may not recover for more than 450 weeks of benefits, Graver and Employers National are entitled to a credit for the 35 weeks of total temporary disability payments made, and for the 162 weeks of payments for specific loss of 30% of Hurley’s arm. Therefore, the judgment is hereby modified to reflect that Hurley is entitled to 450 weeks of benefits, in accordance with the judgment of the trial court, but subject to Graver and Employers National’s credit for 197 weeks of benefits previously paid. Costs are to be paid by plaintiff-appellee.
AMENDED AND AS AMENDED, AFFIRMED.